**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-7597**

———————

MICHAEL W. MILLER,

                    Petitioner – Appellant,

        v.

GENE JOHNSON,

                    Respondent – Appellee.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, Chief District Judge.  (7:10-cv-00430-gec-mfu)

———————

Submitted:  April 13, 2011          Decided:  April 18, 2011

———————

Before KING, DUNCAN, and DIAZ, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Michael W. Miller, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael W. Miller seeks to appeal the district court's orders: (i) denying his pro se motions to the extent they sought relief from any judgment, pursuant to Fed. R. Civ. P. 60(b); and (ii) construing his motions as a successive 28 U.S.C. § 2254 (2006) petition and dismissing it as unauthorized. The district court's orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Miller has not made the requisite showing.

2

Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Miller's notice of appeal and informal brief as an application to file a second or successive § 2254 petition. <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2006). Miller's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>